IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) v. ) ) AA CAPITAL PARTNERS, INC., and JOHN A. ) ORECCHIO, ) ) Defendants. ) | No. 06 C 4859<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

The "General Partners" of Fund I and II[1] have filed a motion for payment of attorneys' fees incurred and to be incurred in the defense of a lawsuit brought by the Millwrights' Local No. 1102 Supplemental Pension Fund against one of the General Partners and others, entitled Millwrights et al. v. AA Private Equity Investors Management LLC, et al., No. 08 C 7183 (the "Millwrights Action").[2] The plaintiffs in the Millwrights Action are multi-employer pension funds regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The plaintiffs in the Millwright Action allege that the General Partners are ERISA fiduciaries because AA Capital Partners, Inc. ("AA Capital"), the investment advisor that

---

[1]The General Partners are AA Private Equity Investors Management, LLC, the General Partner of Fund I, and AA Private Equity Investors Management II, LLC, the General Partner of Fund II. (Hereafter the "General Partners"). The General Partners have filed the instant motion on behalf of itself and Fund I (formally known as AA Diversified Private Equity Fund, LP) and Fund II (formally known as AA Capital Equity Fund II, LP.)

[2]The entire caption of the Millwrights Action is Millwrights' Local No. 1102 Supplemental Pension Fund; Douglas C. Buckler, as Trustee for Carpenters' Pension Fund - Detroit and Vicinity; Thomas Woodbeck; James Schultz; Glen Hardy; Frank Benson; and James A. Tharraett, Jr., Trustee v. AA Private Equity Investors Management, LLC; AA Private Equity Investors Management II, LLC; Paul W. Oliver, Jr.; Charles Wall, Jr.; Mary Elizabeth Stevens; Elizabeth Govea; Matthew R. Friesl; and Brian O'Keefe, jointly and severally.

had complete discretion and control over the investment of the Millwrights' assets, created Fund I and II, which were structured in such a manner as to grant the General Partners' personal interests in the pension plan assets entrusted to the management of AA Capital. Because the individual General Partners each own 1% of the respective Funds and an interest in a percentage of each Fund's profits, the Millwrights allege that the creation and operation of the Funds was a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106. The Millwrights also allege breaches of fiduciary duties by the defendants.

The Millwrights, along with other limited partners in Funds I and for II (including the Carpenters Pension Trust Fund - Detroit and Vicinity, the Michigan Regional Council of Carpenters Annuity Fund, and the Operating Engineers' Local 342 Pension Fund), as well as the court appointed Receiver for AA Capital, Scott Porterfield, and the United States Secretary of Labor, have filed papers in opposition to the General Partners' motion for the payment of interim attorneys' fees to defend itself in the Millwrights Action. In that case, not surprisingly, the General Partners deny liability and claim that each of Fund I and II are either a venture capital operating company ("VCOC") or a real estate operating company ("REOC") that are not covered by ERISA. See 29 C.F.R. 25102510.3-101(c). As such, the General Partners claim that they are not subject to the fiduciary rules governing the management of ERISA assets. Further, the Funds deny that they are guilty of any breaches of fiduciary duties under ERISA or otherwise. Of course, the merits of these claims and defenses are hotly contested.

The instant motion for payment of defense costs incurred and to be incurred by the General Partners in the Millwright Action is somewhat of a hybrid. To be sure, there have been many interim orders entered in this case and the related litigation involving AA Capital and the

alleged frauds committed by John A. Orecchio. There is no legitimate question about whether the assets invested by the limited partner such as the Millwrights are governed by ERISA, although as mentioned above the General Partners claim that the Funds established by AA Capital lost their ERISA status by the nature of the investments.

Nevertheless, the General Partners' claim for attorneys' fees rests on the Limited Partnership Agreements (the "LPAs") and the Management Agreements (the "MAs") executed between the Funds and AA Capital. Although the General Partners originally based their requests for fees on both the indemnity provisions of the LPAs (§ 12.2.1) and the provision in the MAs allowing AA Capital to incur and pay "legal fees, accounting fees and other expenses of the Fund" (§§ 3(i) and 5.3), in the face of the Secretary of Labor's opposition[3] the General Partners have apparently minimized, if not abandoned, their reliance on the indemnity provisions.

The parties opposing the General Partners' request that the Receiver pay the attorneys' fees presuppose the plaintiffs' success in the Millwrights Action. Indeed, the Secretary of Labor argues that the Millwrights' "allegations should be accepted as true for purposes of deciding the General Partners' Motion." Likewise, the Receiver relies heavily on Leigh v. Engle, 619 F. Supp. 154, 158-60 (N.D. Ill. 1985), in which Judge Moran denied indemnification to an ERISA fiduciary "when there [had] been a determination of a breach of fiduciary duty . . ." Of course, there has been no such determination yet in this case or the Millwrights Action.

---

[3]The Secretary of Labor has argued, rather persuasively, that the indemnification provisions of the LPAs must be interpreted to preclude indemnification if the indemnitees are found to have breached their ERISA fiduciary duties, pursuant to ERISA § 410, 29 U.S.C. § 1110, and cases enforcing the proposition that § 410 invalidates any agreements the exculpate Plan fiduciaries from liability for their own misconduct. See, e.g., Chicago Board Options Exchange, Inc. v. Connecticut General Life Ins. Co., 713 F.2d 254, 259 (7th Cir. 1983).

As noted by the Millwrights (and contested by the General Partners), the instant motion for fees is something of a hybrid between a motion for partial summary judgment and a motion for a preliminary injunction. This should come as no surprise in the context of a complicated receivership such as presented in the instant litigation. It is far too early in the course of the Millwrights Action, in which discovery is at an early stage an the parties are barely at issue, for the court to presume that the allegations of prohibited transactions and breaches of fiduciary duty will be established. On the other hand, unlike the court's October 30, 2008, order directing the payment of the General Partners' fees incurred in defending an attempt by the Receiver to direct the course of an investment entrusted to the discretion of the General Partner of Fund I, the contractual provision in the MA relied upon by the General Partners is at the very core of the allegations of misconduct by those parties.

The Secretary of Labor has suggested that the payment of such fees should not be allowed without an opinion of independent counsel that the acts of the fiduciary do not constitute a breach of a fiduciary obligation and proof that the General Partners are financially capable of repaying such an amount in the event they are found liable in the carpenters action. The Secretary of Labor bases her position on ERISA § 410(b)(1), authorizing the purchase of insurance to guaranty the repayment of such expenses, along with DOL Opinion Letter 77-66/67(A). Because the Receiver has found that "[t]he only significant asset of the General Partners is the interest they hold in their respective Funds," such surety is particularly appropriate in the instant case. In the exercise of its broad discretion in overseeing the Receivership and preserving the ERISA-protected assets of the Funds, the court agrees with the Secretary's position.

Moreover, the Receiver has agreed in its opposition to the General Partners' motion to "maintain a reasonable reserve in Fund I and Fund II cash accounts so that any claim of the General Partners for indemnification, if and when they become lawfully entitled to it, can be paid." Thus, although the Carpenters' claims of prohibited transactions and breaches of fiduciary duty have yet to be proved or adequately tested, they raise sufficiently serious questions that drive the court's exercise of discretion to deny the General Partners' motion. The court remains mindful of the uncontested fact that pension funds were invested with AA Capital and that all of the parties to the instant motion agree that John Orecchio, one of the principals of the General Partners, committed a serious fraud resulting in extensive losses to the investors, as well as protracted and costly litigation. To drain the Funds further by the payment of substantial attorneys' fees that will be incurred by the General Partners in defending against the Millwrights Action would be unwise and inappropriate given these facts.

For the foregoing reasons, the General Partners' motion for payment of attorneys' fees for the Millwrights Action is denied. The Receiver is directed to maintain a reserve in Funds I and II in an amount reasonably sufficient to indemnify the General Partners for the costs of defending the Millwrights Action in the event the court ultimately decides that such indemnification is appropriate. The partes are directed to meet and confer with the respect to such reserve and report to the court at the next status conference.

**ENTER:** June 2, 2009

**Robert W. Gettleman**
**United States District Judge**

5